FREDERICK FARMS, INC., Relator,

v.

COUNTY OF OLMSTED, Respondent.

No. A10–1089.

Supreme Court of Minnesota.

Aug. 10, 2011.

Kenneth R. Moen, Rochester, Minnesota, for relator.

Mark Ostrem, Olmsted County Attorney, Thomas M. Canan, Senior Assistant County Attorney, Rochester, Minnesota, for respondent.

## OPINION

STRAS, Justice.

In 2008, Olmsted County changed the property tax classification of farmland owned by Frederick Farms, Inc., from agricultural-homestead to agricultural-nonhomestead property. The Minnesota Tax Court denied Frederick Farms' petition to change the classification of the property back to agricultural homestead for taxes payable in 2009 and later. Frederick Farms appealed to this court, arguing that

it is operating a joint family farm venture with its sole shareholder, James Frederick, and that the County must classify Frederick Farms' property as agricultural-homestead property because it is used by the joint family farm venture. Because we conclude that a joint family farm venture must own or lease, and not merely use, the property in order for a participant of the joint family farm venture to claim an agricultural-homestead classification, we affirm the decision of the tax court.

## I.

The material facts of this case are undisputed. Frederick Farms owns three contiguous parcels of land in Olmsted County totaling 300 acres. The only structures on Frederick Farms' parcels are grain bins. The sole shareholder of Frederick Farms, James Frederick, personally owns and resides on two parcels totaling 80 acres that are contiguous with the 300 acres of land owned by Frederick Farms. Mr. Frederick farms the entire 380 acres as a single farm, using farm equipment mostly owned by Frederick Farms and hiring day laborers when necessary.

Prior to 2008, Olmsted County classified all of the contiguous parcels owned by Mr. Frederick and by Frederick Farms as agricultural-homestead property for tax purposes. In 2008, the County reclassified the 300 acres owned by Frederick Farms as agricultural-nonhomestead property, which is taxed at a higher rate than agricultural-homestead property. *Compare* Minn.Stat. § 273.13, subd. 23(a) (2010) (providing the tax rates for agricultural-homestead property), *with* Minn.Stat. § 273.13, subd. 23(b) (2010) (providing the tax rates for agricultural property). The 80 acres of land personally owned by Mr. Frederick remain classified as agricultural-homestead property.

Frederick Farms petitioned the Olmsted County District Court for relief, claiming that Olmsted County's decision to reclassify the 300 acres of property from agricultural-homestead to agricultural-nonhomestead property was improper. The case was transferred to the Minnesota Tax Court, which denied Frederick Farms' motion for summary judgment. To facilitate an appeal, and because the material facts of the case were not in dispute, the parties stipulated to entry of judgment in favor of Olmsted County. Following the tax court's entry of judgment in favor of Olmsted County, Frederick Farms petitioned this court for a writ of certiorari.

 We review tax court decisions "to determine whether the tax court lacked subject matter jurisdiction, whether the tax court's decision is supported by evidence in the record, and whether the tax court made an error of law." *Hohmann v. Comm'r of Revenue*, 781 N.W.2d 156, 157 (Minn.2010). In this case, our review is de novo because the facts are undisputed and the only question is whether the tax court correctly applied Minnesota law. *See id.*

## II.

We first address the basis for the tax court's judgment. The court entered judgment in favor of Olmsted County on the ground that Frederick Farms was ineligible for agricultural-homestead classification on the 300 acres of land it owns because James Frederick had already claimed an agricultural-homestead classification on the 80 acres of property he personally owns. Granting agricultural-homestead status to both would, according to the court, violate Minn.Stat. § 273.124, subd. 14(g) (2010).

The provision relied upon by the tax court, section 273.124, subdivision 14(g), states that "[a]gricultural property of a family farm corporation, [or a] joint family

farm venture . . . shall be classified homestead, to the same extent as other agricultural homestead property" if certain criteria are met. One such criterion is that a shareholder of a family farm corporation who is "actively farming the agricultural property" may not "claim[ ] another agricultural homestead in Minnesota." Minn. Stat. § 273.124, subd. 14(g)(4).

It is undisputed that Mr. Frederick, Frederick Farms' sole shareholder and the person who is actively farming the Frederick Farms property, continues to claim an agricultural-homestead classification on the 80 acres of property he personally owns. As the tax court correctly recognized, subdivision 14(g) prohibits Frederick Farms from claiming an agricultural-homestead classification on its 300 acres so long as Mr. Frederick claims an agricultural-homestead classification on the 80 acres he personally owns.

Although technically correct based on its view of the relevant facts and arguments of the parties, the tax court's analysis was incomplete. Frederick Farms does not claim a *separate* agricultural-homestead classification on the 300 acres it owns, in addition to the agricultural-homestead classification Mr. Frederick already receives on his 80 acres. Rather, Frederick Farms asserts that Frederick Farms and Mr. Frederick—not as separate entities, but together as one joint family farm venture—are entitled to one agricultural-homestead classification on the entire 380 acres. Subdivision 14(g)—which prohibits the actively farming shareholder and the family farm corporation from both claiming separate agricultural-homestead classifications—does not address this question. Therefore, although the tax court's analysis is consistent with the language of subdivision 14(g), we must turn to other statutory provisions in order to address the issue raised by Frederick Farms.

## III.

We thus turn to the question of whether Frederick Farms may claim an agricultural-homestead classification for its 300 acres as part of a 380-acre joint family farm venture. According to Frederick Farms, the 300 acres it owns and the 80 acres personally owned by Mr. Frederick are contiguous parcels that constitute a single farm, all of which the County should classify as agricultural-homestead property. We disagree.

### A.

A "joint family farm venture" is "a cooperative agreement among two or more farm enterprises authorized to operate a family farm under section 500.24." Minn. Stat. § 273.124, subd. 8(a) (2010). We will assume without deciding that Mr. Frederick and Frederick Farms have formed a valid joint family farm venture under Minn.Stat. § 273.124, subd. 8(a).

Frederick Farms' claim for agricultural-homestead classification for the 300 acres it owns still fails, however, because the joint family farm venture, to the extent it exists, does not own or lease the land in question. Subdivision 8(a) of Minn.Stat. § 273.124 provides:

Each family farm corporation; each joint family farm venture; and each limited liability company or partnership which operates a family farm; is entitled to class 1b under section 273.13, subdivision 22, paragraph (b), or class 2a assessment for one homestead occupied by a shareholder, member, or partner thereof who is residing on the land, and actively engaged in farming of the land owned by the family farm corporation, joint family farm venture, limited liability company, or partnership. Homestead treatment applies even if legal title to the property is in the name of the family

farm corporation, joint family farm venture, limited liability company, or partnership, and not in the name of the person residing on it.

The first sentence of subdivision 8(a) grants a joint family farm venture the ability to claim an agricultural-homestead classification "for one homestead occupied by a shareholder, member, or partner thereof who is residing on the land, and actively engaged in farming of the land *owned by the ... joint family farm venture.*" (Emphasis added.)

Here, Frederick Farms, a family farm corporation, owns the 300 acres on which it seeks agricultural-homestead classification. Because the family farm corporation, not the joint family farm venture, owns the land in question, Frederick Farms is not entitled to claim an agricultural-homestead classification under subdivision 8(a) as a participant in a joint family farm venture. If the joint family farm venture owned both the 300 acres currently owned by Frederick Farms and the 80 acres owned personally by Mr. Frederick, then the joint family farm venture could claim an agricultural-homestead classification for the entire 380 acres, assuming the existence of a valid joint family farm venture and the satisfaction of the other requirements of subdivision 8(a).[1]

At first glance, one might conclude that the final sentence of subdivision 8(a) entitles Frederick Farms to an agricultural-homestead classification even though legal title to the 300 acres is not in the name of the joint family farm venture. Such a conclusion would be incorrect. The final sentence of subdivision 8(a) states: "Homestead treatment applies even if legal title to the property is in the name of the ... joint family farm venture ... and not in the name of the person residing on it." Minn.Stat. § 273.124, subd 8(a). Read in context of the entirety of subdivision 8(a), the final sentence simply reinforces the proposition that a farming enterprise such as a joint family farm venture can own the land instead of the natural "person residing on it" and still claim an agricultural-homestead classification.[2] It does not, however, abrogate or alter the ownership

---

[1.] Frederick Farms does not explicitly rely on Minn.Stat. § 273.124, subd. 14(g), the provision analyzed by the tax court, in arguing that the joint family farm venture is entitled to a single agricultural-homestead classification on the entire 380 acres. Even so, Frederick Farms' claim would fare no better under subdivision 14(g). Specifically, subdivision 14(g) imports the requirement from subdivision 8(a) that a joint family farm venture must own the property on which it seeks an agricultural-homestead classification. *See* Minn. Stat. § 273.124, subd. 14(g) ("Agricultural property *of* a ... joint family farm venture ... as described under subdivision 8 shall be classified" as agricultural-homestead property if certain conditions are met (emphasis added)). In contrast to subdivision 8(a), however, subdivision 14(g) permits a joint family farm venture to satisfy the ownership requirement if it leases land titled "in the name of the individual who is a member, shareholder, or partner in the" joint family farm venture. Frederick Farms neither argues nor demonstrates that any type of lease arrangement exists between Mr. Frederick and the joint family farm venture with respect to the 80 acres personally owned by Mr. Frederick. Therefore, any claim under subdivision 14(g) necessarily fails.

[2.] In other words, the final sentence of subdivision 8(a) constitutes an exception to the general requirement that, to claim an agricultural homestead, land must be "occupied and used as a homestead *by its owner.*" Minn. Stat. § 273.124, subd. 1(a) (emphasis added). As stated above, subdivision 8(a) provides that a farming enterprise such as a joint family farm venture may claim an agricultural homestead under certain circumstances, even if the person residing on and actively farming the land does not personally own the property. Of course, because Frederick Farms, not Mr. Frederick, owns the 300 acres of land at issue here, subdivision 1 is inapplicable.

requirement for the joint family farm venture (or other farm enterprise) in the first sentence of subdivision 8(a).

### B.

■ Frederick Farms argues that the ownership requirement of Minn.Stat. § 273.124, subd. 8(a) is satisfied in this case because one participant of the joint family farm venture, Frederick Farms, owns the 300 acres at issue. Thus, according to Frederick Farms, subdivision 8(a) permits attribution of ownership to a joint family farm venture if any participant of the joint family farm venture owns the land. We reject Frederick Farms' interpretation of subdivision 8(a) because it is inconsistent with other parts of Minn.Stat. § 273.124. *See City of Cohasset v. Minn. Power,* 798 N.W.2d 50, 58 (Minn.2011) (stating that we read and construe a statute as a whole according to the plain and ordinary meaning of the words).

First, as stated above, the plain language of section 273.124, subd. 8(a) requires the joint family farm venture to own the property on which it seeks an agricultural-homestead classification. *See* Minn.Stat. § 273.124, subd. 8(a) (allowing homestead treatment if a shareholder, member, or partner of the entity is residing on and actively farming the land "owned by the . . . joint family farm venture"); *see also id.,* subd. 8(d) (establishing certain assessments for some agricultural properties that are "owned by a . . . joint farm venture"). If the Legislature had intended to allow ownership by the individual participants in a joint family farm ven-

ture to satisfy the ownership requirement of the joint family farm venture, it could have included language to that effect.

■ Indeed, section 273.124 creates several exceptions under which a taxpayer may claim an agricultural-homestead classification for property owned by another, but none of these exceptions cover this situation. *See, e.g.,* Minn.Stat. § 273.124, subd. 1(d) (2010) (providing the requirements for claiming an agricultural-homestead classification by a relative of the owner of agricultural property); *id.,* subd. 14(g) (providing the requirements for an entity to claim an agricultural-homestead classification on property leased to the entity). Accepting Frederick Farms' argument would require us to create an additional exception to the ownership requirement under the guise of judicial interpretation.[3] We cannot, however, add words to a statute "that are purposely omitted or inadvertently overlooked" by the Legislature. *Premier Bank v. Becker Dev., LLC,* 785 N.W.2d 753, 760 (Minn.2010).

Second, allowing ownership by a participant of a joint family farm venture to satisfy the ownership requirement would render the lease exception in Minn.Stat. § 273.124, subd. 14(g) meaningless when applied to joint family farm ventures. The lease exception states that "[h]omestead treatment applies under this paragraph for property leased to a . . . joint farm venture . . . if legal title to the property is in the name of an individual who is a member, shareholder, or partner in the entity." *Id.*

---

**3.** In fact, in 2010 the Legislature created another exception to the strict ownership requirement of subdivision 8(a). For taxes payable in 2011, if a shareholder in a family farm corporation owns agricultural-homestead property that is below a certain market value limit, then the family farm corporation can receive the lower class rate on its land up to the market value limit in certain circumstances. *See* Act of May 27, 2010, ch. 389, art. 1, § 11, 2010 Minn. Laws 1847, 1853–54 (codified at Minn.Stat. § 273.124, subd. 8(d)). The new subdivision 8(d) is inapplicable to this case, however, because it is effective only for taxes payable in year 2011 and later.

In plain terms, subdivision 14(g) permits a joint family farm venture to claim an agricultural-homestead classification on property leased to it by one of its members, shareholders, or partners. If ownership by a participant of the joint family farm venture satisfies the ownership requirement of the statute, as Frederick Farms argues, then a joint family farm venture would *never* need to resort to subdivision 14(g) to satisfy the ownership requirement. Instead, the joint family farm venture would already own the land for purposes of section 273.124 by virtue of the personal ownership of its shareholder, partner, or member. We decline to adopt Frederick Farms' interpretation of subdivision 8(a) because it would render subdivision 14(g) meaningless when applied to joint family farm ventures. *See* Minn.Stat. § 645.16 (2010) ("Every law shall be construed, if possible, to give effect to all its provisions.").

## IV.

For the foregoing reasons, we conclude that a family farm corporation, claiming to act as a participant of a joint family farm venture, may not claim an agricultural-homestead classification unless the joint family farm venture owns or leases the land. Here, the joint family farm venture, to the extent it exists, does not own or lease the 300 acres of land in dispute. Accordingly, Frederick Farms may not claim an agricultural-homestead classification as part of a joint family farm venture.

Affirmed.