**Edward John LAPENOTIERE, Jr., petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

A17-0456

Court of Appeals of Minnesota.

Filed September 25, 2017

Cathryn Middlebrook, Chief Appellate Public Defender, Adam Lozeau, Assistant Public Defender, St. Paul, Minnesota (for appellant).

Lori Swanson, Attorney General, St. Paul, Minnesota; and Brian Middendorf, Morrison County Attorney, Little Falls, Minnesota (for respondent).

Considered and decided by Hooten, Presiding Judge; Bjorkman, Judge; and Bratvold, Judge.

## OPINION

BJORKMAN, Judge

Appellant challenges the denial of his petition for postconviction relief, arguing that the evidence is insufficient to support his conviction of second-degree controlled-substance crime because his home is not located in a school zone. We affirm.

## FACTS

On August 20, 2013, K.W. contacted the Morrison County Sheriff's Department in connection with an outstanding arrest warrant. K.W. offered to arrange a purchase of controlled substances from appellant Edward John Lapenotiere, Jr., in exchange for the responding deputy's assistance in quashing the warrant. K.W. obtained heroin and Vicodin from Lapenotiere. The sale took place at Lapenotiere's home in Little Falls.

Respondent State of Minnesota charged Lapenotiere with one count each of second-degree and third-degree controlled-substance crime. The second-degree charge was brought under Minn. Stat. § 152.022, subd. 1(6) (2012), which prohibits the sale of a controlled substance in a school zone. A jury found Lapenotiere guilty of both counts. The district court sentenced Lapenotiere to 78 months in prison. Lapenotiere did not appeal.

Lapenotiere filed a timely petition for postconviction relief. He argued the evidence was insufficient to establish the sale occurred in a school zone, the prosecutor committed misconduct, and his conviction of third-degree controlled-substance crime

must be vacated because it is a lesser-included offense. The district court granted Lapenotiere's request to vacate his third-degree controlled-substance-crime conviction, but otherwise denied his petition. Lapenotiere appeals.[1]

## ISSUE

Is the evidence sufficient to support Lapenotiere's conviction?

## ANALYSIS

■ We review the denial of a postconviction petition for abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). We examine a postconviction court's findings of fact for clear error but review its legal conclusions de novo. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). The interpretation of a statute presents a question of law. *State v. Peck*, 773 N.W.2d 768, 771-72 (Minn. 2009). Our goal "is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2016). When a statute's meaning is unambiguous, we interpret its terms according to the plain language. *State v. Struzyk*, 869 N.W.2d 280, 284-85 (Minn. 2015). But if a statute is ambiguous, "we may consider the canons of statutory construction to ascertain its meaning." *Id.* at 285.

To convict Lapenotiere of second-degree controlled-substance crime under Minn. Stat. § 152.022, subd. 1(6), the state was required to prove that he sold a controlled substance in a school zone. "School zone" is defined as "the area surrounding the school property ... to a distance of 300 feet or one city block, whichever distance is greater." Minn. Stat. § 152.01, subd. 14a(1)(2). To establish this element, the state submitted an aerial map that shows

---

1. Lapenotiere does not challenge the denial of his request for postconviction relief based on alleged prosecutorial misconduct.

the school property is bordered by 1st Avenue NE to the north and 9th Street SE to the west. The streets intersect at the northwest corner of the school property. Lapenotiere's home is located on the western side of 9th Street SE on the block between 1st Avenue NE and 2nd Avenue NE.[2]

■ Lapenotiere argues that the evidence is insufficient to establish that his residence is within one city block of the school property. He contrasts his case with *State v. Carufel*, where the defendant was convicted of second-degree controlled-substance crime based on selling drugs in a "park zone." 783 N.W.2d 539, 541-42 (Minn. 2010). "Park zone" is defined as " 'the area within 300 feet or one city block, whichever distance is greater, of the park boundary.' " *Id.* at 542 (quoting Minn. Stat. § 152.01, subd. 12a (2008)). Carufel contended that the term "one city block" is ambiguous and encompasses, at most, the side of a block that is directly across the street from a park. *Id.* at 543, 545. The supreme court rejected both arguments, first observing that the term "block" is commonly understood "as a rectangular section of a city or town bounded on each side by consecutive streets." *Id.* at 544. After noting that "one city block" is both a distance measurement and a description of area, *id.* at 544 n.2, the supreme court held that

> when the land surrounding a public park is an area divided into rectangular blocks bounded by city streets on all four sides, the phrase "the area within ... one city block" ... is not ambiguous and the park zone includes the entire area of a block that is directly adjacent to the park.

*Id.* at 545. The court further observed that its decision is "consistent with the purpose of the statute—protecting children from the dangers associated with illegal drug use by creating a buffer zone around parks." *Id.*

Lapenotiere argues that, unlike *Carufel*, his residence is not located within one city block of the school property. Under his reading of *Carufel*, a "school zone" only includes the city blocks shaded in gray on the following diagram.

| X | | |
|---|---|---|
| | School Property | |
| | | |

Lapenotiere asserts that he does not live within one city block of the school property because his residence (denoted by the "X") is on a corner block rather than a block "directly adjacent" to the school property. We are not persuaded.

First, we reject Lapenotiere's reliance on *Carufel* for the proposition that only city blocks bounded by a street that borders school property meet the statutory requirement. While it is true that Carufel's residence was located on such a block, the supreme court emphasized that its holding was "limited to the actual facts presented." *Id.* at 545 n.3. It rejected the concurrence's conclusion that the eight-block area depicted above is within one city block of the park property, because that question was "not before the court." *Id.* Simply put, *Carufel* did not decide the issue presented here: whether a residence located on a corner block that abuts school property is within one city block of the property.

Second, differences in the statutory definitions of "park zone" and "school zone" support a conclusion that Lapenotiere's home is located within the requisite one city block. "Park zone" is defined as "the area within 300 feet or one city block ... of the park boundary." Minn. Stat. § 152.01, subd. 12a (2012). But "[s]chool zone" is defined as "the area *surrounding* school property ... to a distance of 300 feet or one city block, whichever is greater." Minn. Stat. § 152.01, subd. 14a (emphasis added). "Surround" means "[t]o extend on all sides of simultaneously; encircle." *The American Heritage Dictionary* 1754 (5th ed. 2011). By using the word "surround," the legislature indicated its intent to establish a drug-free perimeter extending at least one city block beyond school property in all directions. The evidence shows Lapenotiere's home is both within the one-block distance measurement from the school property and within the city block area measurement. *Carufel*, 783 N.W.2d at 544 n.2.

Finally, the *Carufel* court observed its holding was "consistent with the purpose of the statute—protecting children from the dangers associated with illegal drug use by creating a buffer zone." *Id.* at 545. Our decision is likewise consistent with this purpose. Because we conclude that the school zone includes the block where Lapenotiere's home is located, the evidence was sufficient to support Lapenotiere's conviction.

## DECISION

 A "school zone" includes all city blocks that surround a school property. Because Lapenotiere sold controlled substances within one city block of a school property, the evidence was sufficient to support his conviction of second-degree controlled-substance crime.

**Affirmed.**