THISSEN, Justice.
In this case, we are asked to determine whether Minn. Stat. § 609.342, subd. 1(h) (2018), requires the State to prove that "sexual penetration" occurred. The court of appeals held that the statute does not require such proof. Because we conclude that the plain language of the statute requires proof of "sexual penetration," we reverse the decision of the court of appeals and remand to the district court for further proceedings.
FACTS
The relevant facts are as follows. Starting in September 2015, appellant Juan Manuel Ortega-Rodriguez began sexually abusing 10-year-old G.M. by touching her inappropriately. Ortega-Rodriguez was a father figure to G.M. The abuse continued for several months. During the first few days of January 2016, the nature of the abuse changed. Ortega-Rodriguez began engaging in genital-to-genital contact with G.M a couple of times per day. The genital-to-genital contact continued for eight or nine days. On January 11, G.M reported Ortega-Rodriguez's behavior. It is undisputed that Ortega-Rodriguez never sexually penetrated G.M.
The State charged Ortega-Rodriguez with first-degree criminal sexual conduct under subdivision 1(h)(iii) of Minnesota Statutes § 609.342 for his January 2016 conduct. Subdivision 1(h) provides:
*644 Subdivision 1. Crime defined. A person who engages in sexual penetration with another person, or in sexual contact with a person under 13 years of age as defined in section 609.341, subdivision 11, paragraph (c), is guilty of criminal sexual conduct in the first degree if any of the following circumstances exists: ...
(h) the actor has a significant relationship to the complainant, the complainant was under 16 years of age at the time of the sexual penetration, and:
(i) the actor or an accomplice used force or coercion to accomplish the penetration;
(ii) the complainant suffered personal injury; or
(iii) the sexual abuse involved multiple acts committed over an extended period of time.
Neither mistake as to the complainant's age nor consent to the act by the complainant is a defense.
Minn. Stat. § 609.342, subd. 1(h).[1]
The State also charged Ortega-Rodriguez with second-degree criminal sexual conduct under Minn. Stat. § 609.343 (2018), for the abuse that began in the fall of 2015 and lasted through January 2016. After a bench trial, Ortega-Rodriguez was convicted on both counts. The court sentenced Ortega-Rodriguez to 144 months in prison for the first-degree criminal sexual conduct offense.
On appeal, Ortega-Rodriguez challenged only his first-degree criminal sexual conduct conviction. He argued that the State presented insufficient evidence to support the conviction because the statute requires proof of "sexual penetration" and the State conceded that it did not prove sexual penetration.[2]
The court of appeals affirmed. It rejected Ortega-Rodriguez's argument that Minn. Stat. § 609.342, subd. 1(h)(iii), requires proof of penetration, reasoning that the "overarching language in subdivision 1 applies to paragraphs (a) through (h) and includes '[bare genital-to-genital] contact with a person under 13.' " State v. Ortega-Rodriguez , No. A17-0450, 2017 WL 6567914, at *2 (Minn. App. Dec. 26, 2017) (quoting Minn. Stat. § 609.342 ). The court also reasoned:
[I]nterpreting [subdivision 1(h) ] to require sexual penetration would lead to absurd results because a person could be found guilty of first-degree criminal sexual contact if he engaged in one instance of [bare genital-to-genital] contact with a person under 13 years of age [under subdivision 1(a) ] ... but not guilty if he engaged in multiple instances of [bare genital-to-genital] contact with a person under 13 years of age and had a significant relationship to the victim.
*645 Id . (internal citations omitted). We granted Ortega-Rodriguez's petition for review.
ANALYSIS
The question presented is whether Minn. Stat. § 609.342, subd. 1(h), requires the State to prove that Ortega-Rodriguez engaged in "sexual penetration." That is a question of statutory interpretation that we review de novo. State v. Colvin , 645 N.W.2d 449, 452 (Minn. 2002). Our goal in interpreting a statute is to ascertain the intent of the Legislature. State v. Henderson , 907 N.W.2d 623, 625 (Minn. 2018) (citing State v. Struzyk , 869 N.W.2d 280, 284 (Minn. 2015) ); see also Minn. Stat. § 645.16 (2018). When the language of a statute is unambiguous, we apply its plain meaning. Henderson , 907 N.W.2d at 625. A statute is ambiguous only when it is susceptible to more than one reasonable interpretation. Id.
Subdivision 1(h) expressly uses the words "sexual penetration" in defining the crime. Reading the words "sexual penetration" out of subdivision 1(h) or (as the State would have it) adding the phrase "[bare genital-to-genital] contact with a person under 13 years of age" to that subdivision is beyond our authority. State v. Hensel , 901 N.W.2d 166, 178 (Minn. 2017) ("[W]e have long held that it is impermissible to add words or phrases to an unambiguous statute." (citation omitted) (internal quotation marks omitted) ); Allan v. R.D. Offutt Co. , 869 N.W.2d 31, 33 (Minn. 2015) ("[W]e give effect to all of [the statute's] provisions; no word, phrase, or sentence should be deemed superfluous, void, or insignificant." (citation omitted) (internal quotation marks omitted) ).[3] The power to add the words "sexual contact with a person under 13 years of age" rests in the hands of the Legislature.
Adopting the court of appeals' reasoning, the State contends that another reasonable interpretation of the language of Minn. Stat. § 609.342, subd. 1(h), exists. The State argues that the overarching language of subdivision 1, which references both sexual penetration and bare genital-to-genital contact with a person under 13, should be incorporated into each of the subparts that follow (subdivisions 1(a) through 1(h) ) so that proof of bare genital-to-genital contact is sufficient for a conviction under each subpart. We disagree.
The State's "overarching language" interpretation not only reads out the explicit words "sexual penetration" in subdivision 1(h) but also disregards the two-part structure of the statute. Under the statute, the State must first prove that the defendant engaged in one of the two categories of prerequisite conduct: sexual penetration or bare genital-to-genital contact with a person under 13. Minn. Stat. § 609.342, subd. 1. If such proof is provided, then the State must further prove that one of the seven "following circumstances" set forth in subdivision *646 1(a) through 1(h) existed. Those dual steps are independent inquiries and proof of one is not proof of the other. See State v. Wenthe , 865 N.W.2d 293, 303 (Minn. 2015) (citing Morton Bldgs., Inc. v. Comm'r of Revenue , 488 N.W.2d 254, 259 (Minn. 1992) ) (considering a statute's structure as part of statutory interpretation).[4] In this case, brought under subdivision 1(h)(iii), the State had to prove that (1) the defendant had a "significant relationship to the complainant," (2) the complainant was "under 16 years of age at the time of the sexual penetration ," and (3) "the sexual abuse involved multiple acts committed over an extended period of time." Minn. Stat. § 609.342, subd. 1(h)(iii) (emphasis added).
The State's position that the act of bare genital-to-genital contact with a person under 13 should be read into every one of the statute's subparts is further undermined when we consider Minn. Stat. § 609.342, subd. 1(b). Subdivision 1(b) on its face applies only when, among other qualifications, a "complainant is at least 13 years of age, but less than 16 years of age ." See Minn. Stat. § 609.342, subd. 1(b) (emphasis added). Given subdivision 1(b)'s language, it would be logically impossible to rely on proof of bare genital-to-genital contact with a person under 13 to sustain a conviction for sexual contact with a person 13 or older but younger than 16 . Therefore, the State's position that the "overarching language" in subdivision 1's opening sentence applies to all of its subparts simply cannot be true. And just as the "overarching language" in subdivision 1 cannot expand the scope of subdivision 1(b) beyond its plain language, it similarly cannot change the scope of subdivision 1(h).
Having concluded that the plain language of subdivision 1(h) unambiguously requires proof of sexual penetration, we must consider the State's absurdity argument. The State contends that we are obligated to reject the unambiguous plain language of a statute when it leads to absurd results. In Wegener v. Commissioner of Revenue , we looked beyond the statute's plain language because applying that language was so absurd that it would "utterly depart from" the statute's purpose. 505 N.W.2d 612, 617 (Minn. 1993) (applying the absurdity doctrine where the plain meaning of the statute at issue simultaneously rendered a large part of the statute unconstitutional and inoperative); see also State v. Smith , 899 N.W.2d 120, 125 (Minn. 2017) (noting that the absurdity canon applies in only "exceedingly rare" cases). Wegener is the only case in our history where we have looked beyond the plain language due to "absurdity," and we have never done so in a criminal case. Smith , 899 N.W.2d at 125. We need not decide today whether the absurdity principle we relied on in Wegener ever applies in a criminal case because the plain and unambiguous language of subdivision 1(h) requiring sexual penetration does not render the statute inoperative, nor does requiring such proof utterly depart from the statute's purpose.
The State posits that requiring proof of "sexual penetration" to convict under subdivision *647 1(h) is absurd because it means that a person could be guilty of first-degree criminal sexual conduct (and accordingly punished more harshly) if he engaged in one instance of bare genital-to-genital contact with a person under 13 years of age under Minn. Stat. § 609.342, subd. 1(a),[5] but not guilty of first-degree criminal sexual conduct under paragraph (h) if he engaged in multiple instances of bare genital-to-genital contact with a person under 13 years of age and had a significant relationship to the victim. The argument does not withstand scrutiny. The State admits that it could have charged Ortega-Rodriguez under subdivision 1(a) for each individual act of "sexual penetration" or bare genital-to-genital contact with G.M., but chose not to do so. Put differently, when a person who has a significant relationship with a child under the age of 13 engages in multiple acts of bare genital-to-genital contact with the child over an extended period of time, that person may be charged under subdivision 1(a) with separate counts for each act of bare genital-to-genital contact.
The plain language of subdivision 1(h) unambiguously requires proof of sexual penetration, and such an interpretation does not lead to an absurd result. We therefore reverse the decision of the court of appeals and remand to the district court for further proceedings.
CONCLUSION
For the forgoing reasons, we reverse the decision of the court of appeals.
Reversed.

The phrase "sexual contact with a person under 13 years of age" in subdivision 1 has a special definition: "The intentional touching of the complainant's bare genitals or anal opening by the actor's bare genitals or anal opening with sexual or aggressive intent or the touching by the complainant's bare genitals or anal opening of the actor's or another's bare genitals or anal opening with sexual or aggressive intent." Minn. Stat. § 609.341, subd. 11(c) (2018). In this opinion, we use the phrase "bare genital-to-genital contact with a person under 13" in place of "sexual contact with a person under 13 years of age" to avoid any confusion regarding the broader use of the term "sexual contact" in the second-degree criminal sexual conduct statute. See Minn. Stat. § 609.343, subd. 1 (2018).

Ortega-Rodriguez also argued on appeal that the 8 or 9 days of genital-to-genital contact in January 2016 is not an "extended period of time" for the purpose of a conviction under Minn. Stat. § 609.342, subd. 1(h)(iii). Because we hold that the plain language of the statute requires proof of sexual penetration, we do not reach the "extended period of time" question.

The conclusion that the plain language of Minn. Stat. § 609.342, subd. 1(h), requires proof of sexual penetration is consistent with our earlier discussions of the statute. In Matakis v. State , the defendant attempted to withdraw an Alford plea to first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(h)(iii), by disputing that he had engaged in "sexual penetration." 862 N.W.2d 33, 34-35 (Minn. 2015). We noted the distinction between "sexual penetration" and genital-to-genital conduct and stated in dicta that "Minn. Stat. § 609.342, subd. 1(h)(iii)... criminalizes sexual penetration with a person under 16 years of age when the actor has a significant relationship to the complainant and there have been multiple acts committed over an extended period of time." Id . at 35 (emphasis added). We expressly distinguished first-degree criminal sexual conduct under subdivision 1(h)(iii) from second-degree criminal sexual conduct, noting that "[w]ith respect to the second-degree charges, the statute requires sexual contact rather than sexual penetration." Id. at 34-35 n.1 (emphasis added).

In Wenthe , we interpreted Minn. Stat. § 609.344, subd. 1(l) (2014), the third-degree criminal sexual conduct provision relating to clergy members. Wenthe , 865 N.W.2d at 303. Section 609.344 has a similar structure to section 609.342 in that it lists out the prerequisite conduct and, using the same language of "if any of the following circumstances exists," requires additional proof of specific circumstances. Compare Minn. Stat. § 609.342, with Minn. Stat. § 609.344, subd. 1(l). Analyzing the statutory structure, we concluded that the "primary clause" and the " 'attendant circumstances' " described later in the statutory subparts do not overlap and blend into each other, but instead must be analyzed and proven separately. Wenthe , 865 N.W.2d at 303 (quoting State v. Garcia-Gutierrez , 844 N.W.2d 519, 523 (Minn. 2014) ).

Minn. Stat. § 609.342, subd. 1(a), requires the State to prove either sexual penetration or bare genital-to-genital contact with a person under 13 and that "the complainant is under 13 years of age and the actor is more than 36 months older than the complainant."