**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-1951**

State of Minnesota,
Appellant,

vs.

Krista Ann Muccio,
Respondent.

**Filed June 20, 2016**
**Affirmed**
**Reyes, Judge**

Dakota County District Court
File No. 19HACR151022

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Jennifer S. Bovitz, Assistant County Attorney, Hastings, Minnesota (for appellant)

John G. Westrick, Westrick & McDowall-Nix, P.L.L.P., St. Paul, Minnesota (for respondent)

Caroline S. Palmer, Minnesota Coalition Against Sexual Assault, St. Paul, Minnesota (for amicus curiae Minnesota Coalition Against Sexual Assault)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Tracy Smith, Judge.

**S Y L L A B U S**

I.      Minn. Stat. § 609.352, subd. 2a(2) (2014), implicates the First Amendment because its reach is not limited to unprotected speech.

II.      Minn. Stat. § 609.352, subd. 2a(2), is facially overbroad in violation of the First Amendment because it prohibits a substantial amount of protected speech.

III.    Minn. Stat. § 609.352, subd. 2a(2), cannot be saved by employing a narrowing construction because it is not readily susceptible to such a construction.

IV.    Minn. Stat. § 609.352, subd. 2a(2), is an unconstitutional content-based regulation of speech.

## O P I N I O N

**REYES**, Judge

Appellant challenges the district court's order determining that Minn. Stat. § 609.352, subd. 2a(2), is unconstitutionally overbroad on its face and dismissing charge against respondent under the statute. Appellant also argues that the statute is a permissible content-based regulation of speech. Because we conclude that the statute implicates both protected and unprotected speech, is unconstitutionally overbroad on its face, is not readily susceptible to a narrowing construction, and is not narrowly tailored to achieve the state's compelling interest of protecting minors from sexual predators on the Internet, we affirm.

## FACTS

On November 29, 2014, a father reported to law enforcement that he found inappropriate images on his 15-year-old child's iPad. The photographs depicted a close-up of a female's genitals, a close-up of a female's buttocks covered by a thong, and a female naked from the waist to the neck. The photographs were sent from respondent Krista Ann Muccio's Instagram account via direct message. A search warrant was obtained and served on Instagram. The search revealed that Muccio and the child had sexually explicit conversations and had exchanged sexually explicit photographs.

Appellant State of Minnesota charged Muccio with one count of felony communication with a minor describing sexual conduct in violation of Minn. Stat. § 609.352, subd. 2a(2), and a second count of felony possession of pornographic work involving minors in violation of Minn. Stat. § 617.247, subd. 4(a) (2014). Muccio filed a motion requesting that the district court declare Minn. Stat. § 609.352, subd. 2a(2), unconstitutional, and requesting that the court dismiss the second count. The state opposed the motion.

The district court concluded that Minn. Stat. § 609.352, subd. 2a(2), is facially overbroad and unconstitutional under the First Amendment and dismissed count one. The district court concluded that there was sufficient evidence to establish probable cause for trial on the second count.[1] The state appeals.

## ISSUES

I.     Does Minn. Stat. § 609.352, subd. 2a(2), proscribe only unprotected speech?

II.     If Minn. Stat. § 609.352, subd. 2a(2), proscribes protected speech, is it unconstitutionally overbroad on its face because it prohibits a substantial amount of protected speech?

III.     If Minn. Stat. § 609.352, subd. 2a(2), is unconstitutionally overbroad, can the statute be narrowly construed to save it from overbreadth?

IV.     Is Minn. Stat. § 609.352, subd. 2a(2), narrowly tailored to serve a compelling government interest?

---

[1] The district court stayed Muccio's trial proceedings pending the state's appeal.

3

## ANALYSIS

The state argues that the district court erred by concluding that Minn. Stat. § 609.352, subd. 2a(2), violates the First Amendment to the United States Constitution and article I, section 3, of the Minnesota Constitution because it is unconstitutionally overbroad on its face.[2]  In addition, the state argues that Minn. Stat. § 609.352, subd. 2a(2), is a constitutional content-based regulation of speech.  The state asks this court to reverse the district court and reinstate the charges against Muccio under the statute.

The constitutionality of Minn. Stat. § 609.352, subd. 2a(2), is an issue of first impression.  "We review the constitutionality of statutes de novo." *State v. Melchert-Dinkel*, 844 N.W.2d 13, 18 (Minn. 2014).  The state does not dispute that Minn. Stat. § 609.352, subd. 2a(2), is a content-based restriction on speech.  Content-based regulations are presumptively unconstitutional under the First Amendment.  *United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 816–17, 120 S. Ct. 1878, 1888 (2000).  "The [s]tate bears the burden of showing that a content-based restriction on speech does not violate the First Amendment." *Melchert-Dinkel*, 844 N.W.2d at 18.

The First Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment, provides that "Congress shall make no law . . . abridging the freedom of speech. . . ." U.S. Const. amend. I; Minn. Const. art. I, § 3 ("[A]ll persons may freely speak, write and publish their sentiments on all subjects, being responsible for the abuse of such right.").  "As a general matter, the [First Amendment]

---

[2] Muccio did not assert an as-applied challenge to the statute.

4

establishes that, above all else, the government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Melchert-Dinkel*, 844 N.W.2d at 18 (quotations omitted). "It is . . . well established that speech may not be prohibited because it concerns subjects offending our sensibilities." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245, 122 S. Ct. 1389, 1399 (2002). "In evaluating the free speech rights of adults, [the Supreme Court has] made it perfectly clear that '[s]exual expression which is indecent but not obscene is protected by the First Amendment.'" *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 874, 117 S. Ct. 2329, 2346 (1997) (second alteration in original) (quoting *Sable Commc'ns of Cal., Inc. v. FCC*, 492 U.S. 115, 126, 109 S. Ct. 2829, 2836 (1989)).

Minn. Stat. § 609.352, subd. 2a(2), provides:

> A person 18 years of age or older who uses the Internet, a computer, computer program, computer network, computer system, an electronic communications system, or a telecommunications, wire, or radio communications system, or other electronic device capable of electronic data storage or transmission to commit any of the following acts, with the intent to arouse the sexual desire of any person, is guilty of a felony . . . : engaging in communication with a child or someone the person reasonably believes is a child, relating to or describing sexual conduct.

"Child" is defined as "a person 15 years of age or younger." *Id.*, subd. 1(a). "Sexual conduct" is defined as "sexual contact of the individual's primary genital area, sexual penetration as defined in section 609.341, or sexual performance as defined in section 617.246." *Id.*, subd. 1(b). The statute criminalizes what is referred to as "grooming," the process whereby sexual predators engage in sexually explicit conversations with a child

5

and expose the child to pornographic material in an attempt to lower the child's inhibitions and acclimate the child toward a sexual encounter.  M. Megan McCune, *Virtual Lollipops and Lost Puppies: How Far Can States Go to Protect Minors Through the Use of Internet Luring Laws*, 14 CommLaw Conspectus 503, 506 n.19 (2006).

## I.     Minn. Stat. § 609.352, subd. 2a(2), implicates both protected and unprotected speech.

The state argues that Minn. Stat. § 609.352, subd. 2a(2), proscribes only unprotected speech and therefore is permissible under the First Amendment.  We disagree.

"The freedom of speech has its limits; it does not embrace certain categories of speech . . . ."  *Free Speech Coal.*, 535 U.S. at 245–46, 122 S. Ct. at 1399.  "[T]he Supreme Court has long permitted some content-based restrictions in a few limited areas, in which speech is of such slight social value as a step to truth that any benefit that may be derived from [it] is clearly outweighed by the social interest in order and morality."  *Melchert-Dinkel*, 844 N.W.2d at 19 (second alteration in original).  Among the traditional exceptions to the First Amendment are speech integral to criminal conduct, obscenity, and child pornography.  *United States v. Alvarez*, 132 S. Ct. 2537, 2544 (2012) (plurality opinion).  The state asserts that the speech at issue is unprotected because it falls within or may be analogized to these three exceptions.  We address each exception in turn.

### A.     Speech integral to criminal conduct

The state first argues that the speech prohibited under Minn. Stat. § 609.352, subd. 2a(2), is not entitled to First Amendment protection because it is speech integral to

6

criminal conduct. "Offers to engage in illegal transactions are categorically excluded from First Amendment protection." *United States v. Williams*, 553 U.S. 285, 297, 128 S. Ct. 1830, 1841 (2008). "[T]he First Amendment's protections do not extend to speech or writing used as an integral part of conduct in violation of a valid criminal statute." *Melchert-Dinkel*, 844 N.W.2d at 19 (quotation omitted). Speech "intended to induce or commence illegal activities" such as conspiracy, incitement, and solicitation, is not protected. *Williams*, 553 U.S. at 298, 128 S. Ct. at 1842.

Sexual contact between an adult and a child is criminal conduct which varies in severity depending on the age of the child and the offender. Minn. Stat. §§ 609.342, .343, .344, .345 (2014). Soliciting sex from a child is speech integral to criminal conduct if made with the intent to induce or commence illegal activity. *Williams*, 553 U.S. at 298, 128 S. Ct. at 1842. The connection between the speech and the illegal act must be direct and unmistakable.

But Minn. Stat. § 609.325, subd. 2a(2), sweeps more broadly and prohibits "engaging in communication with a child or someone the person reasonably believes is a child, relating to or describing sexual conduct" "with the intent to arouse the sexual desire of *any person*." (Emphasis added.) The state concedes that the statute prohibits speech which precedes the solicitation of criminal sexual conduct by sexual predators. Therefore, the prohibited speech is one step removed from speech which has, thus far, been recognized as speech which is integral to criminal conduct. "The prospect of crime, however, by itself does not justify laws suppressing protected speech." *Free Speech Coal.*, 535 U.S. at 245, 122 S. Ct. at 1399. As with the statute invalidated in *Free Speech*

7

*Coalition*, although the communication proscribed by the statute here "can lead to actual instances of child abuse, the causal link is contingent and indirect. The harm does not necessarily follow from the speech, but depends upon some unquantified potential for subsequent criminal acts." *Id.* at 250, 122 S. Ct. at 1402 (striking down two provisions of the Child Pornography Prevention Act) (citations omitted).[3]

The state mistakenly relies on *State v. Washington-Davis* to support its position. 867 N.W.2d 222, 232 (Minn. App. 2015), *review granted* (Minn. Sept. 29, 2015). The statute at issue in *Washington-Davis* prohibits the "solicitation, inducement, and promotion of prostitution." Minn. Stat. § 609.322, subd. 1a(1)–(2) (2014). Prostitution is illegal. Minn. Stat. § 609.324 (2014 & Supp. 2015). The causal link between the speech and criminal conduct is direct and unmistakable. The speech is "intended to induce or commence illegal activit[y]." *Williams*, 553 U.S. at 298, 128 S. Ct. at 1842. In contrast, Minn. Stat. § 609.325, subd. 2a(2), does not prohibit speech with a direct causal connection to criminal conduct.

"To be sure, there remains an important distinction between a proposal to engage in illegal activity and the abstract advocacy of illegality." *Id.* at 298–99, 128 S. Ct. at 1842. The Supreme Court has held, "The government may not prohibit speech because it increases the chance an unlawful act will be committed 'at some indefinite future time.'" *Free Speech Coal.*, 535 U.S. at 253, 122 S. Ct. at 1403 (quoting *Hess v. Indiana*, 414

---

[3] We further note that Minn. Stat. § 609.325, subd. 2a(2), itself cannot be used as a basis for concluding that the speech-integral-to-criminal-conduct exception applies. *See Melchert-Dinkel*, 844 N.W.2d at 20 (rejecting the state's proposed "circular" analysis of upholding the challenged statute because the speech was prohibited by that same statute).

U.S. 105, 108, 94 S. Ct. 326, 328 (1973)). Similarly, the Minnesota Supreme Court has noted that "[a]pplying the 'speech integral to criminal conduct' exception to harmful conduct would be an expansion of the exception," and that, in light of recent Supreme Court precedent, it was "wary of declaring any new categories of speech that fall outside of the First Amendment's umbrella protections." *Melchert-Dinkel*, 844 N.W.2d at 20.

The state "has shown no more than a remote connection between speech that might encourage thoughts or impulses and any resulting child abuse. Without a significantly stronger, more direct connection, the [g]overnment may not prohibit speech on the ground that it may encourage [sexual predators] to engage in illegal conduct." *Free Speech Coal.*, 535 U.S. at 253–54, 122 S. Ct. 1403. Interpreting the speech prohibited by Minn. Stat. § 609.325, subd. 2a(2), as falling within the speech-integral-to-criminal-conduct exception would require that we expand the application of the exception. We thus conclude that the speech-integral-to-criminal-conduct exception, as currently interpreted, is inapplicable.

## B.     Obscenity

The state next argues that Minn. Stat. § 609.352, subd. 2a(2), prohibits speech which is obscene and therefore is not entitled to First Amendment protection. In *Miller v. California*, the Supreme Court

> set forth the governing three-part test for assessing whether material is obscene and thus unprotected by the First Amendment: "(a) [W]hether the 'average person, *applying contemporary community standards*' would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law;

9

and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.''

*Ashcroft v. Am. Civil Liberties Union*, 535 U.S. 564, 574, 122 S. Ct. 1700, 1707 (2002) (alteration in original) (quoting *Miller v. California¸* 413 U.S. 15, 24, 93 S. Ct. 2607, 2615 (1973)). The state argues that the requirements of Minn. Stat. § 609.352, subd. 2a(2), satisfy the three prongs of the *Miller* obscenity test. Specifically, the state argues that the requirement that the communication be made with the intent to arouse the sexual desire of any person in conjunction with the requirement that the communication be with a child or someone the person reasonably believes is a child satisfies the first and third prongs of the *Miller* test. But these elements of Minn. Stat. § 609.352, subd. 2a(2), do not narrowly limit the statute's reach to communications which appeal to the prurient interest under contemporary community standards, nor do they exclude from the statute's ambit speech which has social value. *Cf. Am. Civil Liberties Union*, 535 U.S. at 578, 122 S. Ct. at 1709 (concluding that statute regulating matters consistent with the *Miller* obscenity requirements was not substantially overbroad). We therefore conclude that, because the speech proscribed by the statute is not limited to obscene speech under *Miller*, the obscenity exception is inapplicable.

### C. Child pornography

Lastly, the state argues that Minn. Stat. § 609.352, subd. 2a(2), though not prohibiting child pornography, may be analogized to the statutes prohibiting child pornography, and the prohibited speech therefore is unprotected under the First Amendment. In *New York v. Ferber*, the Supreme Court concluded that child

10

pornography is unprotected speech and upheld a New York state law banning the sale or promotion of child pornography. 458 U.S. 747, 102 S. Ct. 3348 (1982). The Court reached this conclusion by "distinguish[ing] child pornography from other sexually explicit speech because of the [s]tate's interest in protecting the children exploited by the production process." *Free Speech Coal.*, 535 U.S. at 240, 122 S. Ct. 1396 (citing *Ferber*, 458 U.S. at 758, 102 S. Ct. 3355).

The policy justifications supporting the child pornography category of unprotected speech are inapplicable here because children need not be exploited by or even involved in the process of producing the speech prohibited by Minn. Stat. § 609.352, subd. 2a(2). Indeed, children need not be depicted, nor is any imagery required. *Id.* There need only be a "communication . . . relating to or describing sexual conduct." *Id.* Accordingly, this unprotected-speech category is inapplicable, and we cannot expand its application.

In sum, the speech prohibited by Minn. Stat. § 609.352, subd. 2a(2), is not limited to speech integral to criminal conduct or obscenity, nor can we deem the proscription permissible by analogizing it to child pornography. We therefore conclude that the statute proscribes protected speech and implicates the First Amendment.

## II.     Minn. Stat. § 609.352, subd. 2a(2), is facially overbroad in violation of the First Amendment.

The state asserts that the district court erroneously concluded that Minn. Stat. § 609.352, subd. 2a(2), is unconstitutionally overbroad on its face because any potentially overbroad applications of the statute are not substantial. We are not persuaded.

"A statute is overbroad on its face if it prohibits constitutionally protected activity, in addition to activity that may be prohibited without offending constitutional rights." *State v. Machholz*, 574 N.W.2d 415, 419 (Minn. 1998). "The overbreadth doctrine prohibits the [g]overnment from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process." *Free Speech Coal.*, 535 U.S. at 255, 122 S. Ct. at 1404. The overbreadth must be substantial "not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *Williams*, 553 U.S. at 292, 128 S. Ct. at 1838. Applying the overbreadth doctrine to invalidate a statute is "'strong medicine' that is used 'sparingly and only as a last resort.'" *N.Y. State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 14, 108 S. Ct. 2225, 2234 (1988) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613, 93 S. Ct. 2908, 2916 (1973)).

We conclude that Minn. Stat. § 609.352, subd. 2a(2), "suppresses a large amount of speech that adults have a constitutional right to receive and to address to one another." *Am. Civil Liberties Union*, 521 U.S. at 874, 117 S. Ct. at 2346. Several facets of the statute give rise to its substantial overbreadth. First, the statute's intent requirement is satisfied if the adult has "the intent to arouse the sexual desire of *any person*." Minn. Stat. § 609.352, subd. 2a(2) (emphasis added). Second, the communication need only be "*relating to* or describing sexual conduct." *Id.* (emphasis added). Third, "engage" is not defined, so it is unclear whether a one-way communication would be sufficient. *Id.* Finally, the communication need not be direct, exclusively between the adult and the child, or concerning sexual conduct between the adult and the child. *Id.*

12

The district court gave several examples that illustrate the statute's overbreadth which we find persuasive and reiterate here. A music video producer creates a video with sexually explicit depictions or lyrics, with the intent to arouse the sexual desire of some person who views or listens to the video, places that video on social media, and a child age 15 or younger sees or hears it. A film producer produces a movie with sex scenes, with the intent to arouse the sexual desire of some person who views the film, makes that movie available on an Internet streaming service, and a child age 15 or younger sees it. A writer of young-adult fiction electronically publishes a book describing a sex scene, with the intent to arouse the sexual desire of any one of the book's readers, and a child age 15 or younger reads it. All of these acts are criminalized under Minn. Stat. § 609.352, subd. 2a(2).

The state argues that the statute is not overbroad because it includes a specific intent requirement. But the state cites no authority for the proposition that expression made with the specific intent to arouse the sexual desire of any person, even in the context of a communication with a child, is speech unprotected by the First Amendment. Additionally, the state argues that the statute is not overbroad by suggesting that the statutory definition of sexual conduct is limited to sexual conduct between the adult and the child. But the applicable definition of sexual conduct contains no such limitation. Sexual conduct is defined to include "sexual contact of *the individual's* primary genital area." *Id.*, subd. 1(b) (emphasis added). "The individual" is not further restricted to the adult subject to the statute or the child whom the adult is grooming. The statute thus

13

covers communications relating to or describing the sexual conduct of any person, further contributing to its overbreadth.

Finally, at oral argument, the state urged this court to conclude that the statute is constitutional because prosecutorial discretion will save the statute from absurd applications. But as the Supreme Court has stated, "[T]he First Amendment protects against the [g]overnment; it does not leave us at the mercy of *noblesse oblige*. We would not uphold an unconstitutional statue merely because the [g]overnment promised to use it responsibly." *United States v. Stevens*, 559 U.S. 460, 480, 130 S. Ct. 1577, 1591 (2010). Moreover, the state's argument that prosecutors will, in their discretion, exercise their authority under the statute only as it was intended is "an implicit acknowledgement of the potential constitutional problems with a more natural reading." *Id.*

The state is undoubtedly attempting to prohibit speech which poses a risk to vulnerable children. "The precedents establish, however, that speech within the rights of adults to hear may not be silenced completely in an attempt to shield children from it." *Free Speech Coal.*, 535 U.S. at 252, 122 S. Ct. at 1402. "The [g]overnment cannot ban speech fit for adults simply because it may fall into the hands of children." *Id.* at 252, 122 S. Ct. at 1403. Therefore, though the statute's aim is laudable, the law is unconstitutionally overbroad because the "restriction goes well beyond that interest by restricting the speech available to law-abiding adults." *Id.* at 252–53, 122 S. Ct. at 1403.

**III.    Minn. Stat. § 609.352, subd. 2a(2), cannot be narrowly construed.**

The state argues that, if Minn. Stat. § 609.352, subd. 2a(2), is unconstitutionally overbroad on its face, the court should apply a limiting construction to uphold the law's constitutionality.  We are unable to do so.

If at all possible, we are to interpret a statute to "preserve its constitutionality." *Hutchinson Tech., Inc. v. Comm'r of Revenue*, 698 N.W.2d 1, 18 (Minn. 2005); *see also* Minn. Stat. § 645.17(3) (2014) ("[T]he legislature does not intend to violate the Constitution of the United States or of this state.").  But a limiting construction should be imposed only if a statute is "readily susceptible to such a construction."[4]  *Stevens*, 559 U.S. at 481, 130 S. Ct. at 1591–92 (quotation omitted).  A statute is invalid if its terms leave no room for a narrowing construction.  *Bd. of Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 575–77, 107 S. Ct. 2568, 2572–73 (1987).

The state proposes several statutory revisions.  First, the state proposes that we limit the "intent to arouse the sexual desire of *any person*" to the intent to arouse the sexual desire of the adult or child engaging in the communication.  Second, the state proposes that we limit the definition of "sexual conduct" to sexual contact, penetration, or

---

[4] While the state argues that the statute is unambiguous, it nevertheless requests that we apply a limiting construction to save the statute, invoking the canon of constitutional avoidance.  But the canon of constitutional avoidance only applies to "ambiguous statutory language." *Stevens*, 559 U.S. at 481, 130 S. Ct. at 1591–92 (quoting *F.C.C. v. Fox Television Stations, Inc.,* 556 U.S. 502, 516, 129 S. Ct. 1800, 1811 (2009)).

15

performance "between the adult and the child."  Third, the state argues that the statute

should be construed to require a "direct communication from adult to child."[5]

All of the state's proposed limiting constructions require that we add language to

Minn. Stat. § 609.352, subd. 2a(2).  Adding language requires a rewrite of the statute and

"would constitute a serious invasion of the legislative domain and sharply diminish [the

legislature's] incentive to draft a narrowly tailored law in the first place."  *Stevens*, 559

U.S. at 481, 130 S. Ct. at 1592 (quotations omitted).  We therefore conclude that the

statute is not readily subject to a narrowing construction to save it from overbreadth.

## IV.   Minn. Stat. § 609.352, subd. 2a(2), is an unconstitutional content-based regulation of speech.

Finally, the state contends that, if we determine Minn. Stat. § 609.352, subd. 2a(2),

applies to protected expression, the statute is nevertheless a constitutional content-based

restriction on speech.  We disagree.

A statute that regulates speech based on content is unconstitutional unless it

satisfies strict scrutiny.  *See Playboy Entm't Grp., Inc.*, 529 U.S. at 813, 120 S. Ct. 1886.

To satisfy strict scrutiny, the state must show that the statute

> (1) is justified by a compelling government interest and (2) is
> narrowly drawn to serve that interest.  The [s]tate must
> specifically identify an actual problem in need of solving, and
> the curtailment of free speech must be actually necessary to the
> solution.  In other words, [t]here must be a direct causal link
> between the restriction imposed and the injury to be prevented.

---

[5] The state does not propose a limiting construction for the "*relating to . . .* sexual conduct" language, nor does the state address the ambiguity surrounding the definition of "engage."  Minn. Stat. § 609.352, subd. 2a(2) (emphasis added).

*Melchert-Dinkel*, 844 N.W.2d at 21–22 (second alteration in original) (quotations and citations omitted).

As previously noted, Minn. Stat. § 609.352, subd. 2a(2), prohibits "grooming," the process whereby sexual predators "use pictures and conversations to [i]nterest a victim in or overcome inhibitions about sexual activity." McCune, *supra*, at 506 n.19 (alteration in original) (quotation omitted). We agree, and the parties do not dispute, that the state has a compelling interest in prohibiting this conduct. "The sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people." *Free Speech Coal.*, 535 U.S. at 244, 122 S. Ct. at 1399. "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." *Ferber*, 458 U.S. at 757, 102 S. Ct. 3355. Therefore, the question is whether the statute is sufficiently narrowly tailored to serve this compelling interest.

Under the narrowly tailored inquiry,

> a court assumes that certain protected speech may be regulated, and then asks what is the least restrictive alternative that can be used to achieve that goal. The purpose of the test is to ensure that speech is restricted no further than necessary to achieve the goal, for it is important to ensure that legitimate speech is not chilled or punished.

*Ashcroft v. Am. Civil Liberties Union*, 542 U.S. 656, 666, 124 S. Ct. 2783, 2791 (2004). Minn. Stat. § 609.352, subd. 2a(2), restricts significantly more speech than is necessary to achieve the state's compelling interest of protecting children from sexual predators on the Internet. Thus, for the same reasons we concluded that the statute is infirm under the

17

overbreadth doctrine, we conclude that the statute is not sufficiently narrowly tailored to serve the state's compelling interest.

## D E C I S I O N

Minn. Stat. § 609.352, subd. 2a(2), proscribes protected speech and is facially overbroad in violation of the First Amendment. Further, because any attempt to construe the statute constitutionally would require that we rewrite the statute, which would constitute an invasion of the legislative domain and discourage the legislature from drafting a narrowly tailored law, we decline to do so. Finally, the statute is not narrowly drawn to serve the state's compelling interest in protecting children from sexual abuse and exploitation on the Internet and therefore is an unconstitutional content-based regulation of speech.

**Affirmed.**