# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-0873


State of Minnesota,
Respondent,

vs.

Ronald David Olson,
Appellant.


**Filed August 22, 2016**
**Affirmed in part and reversed in part**
**Bjorkman, Judge**


Wilkin County District Court
File No. 84-CR-14-32

Lori Swanson, Attorney General, Karen B. Andrews, Assistant Attorney General, St. Paul, Minnesota; and

Timothy E.J. Fox, Wilkin County Attorney, Breckenridge, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel Foster Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Peterson, Judge; and Bjorkman, Judge.

## S Y L L A B U S

The term "child" as defined by Minn. Stat. § 609.352, subd. 1(a) (2012), means a person who has not yet attained the age of 16.

# OPINION

**BJORKMAN**, Judge

Appellant Ronald David Olson challenges his four convictions under Minn. Stat. § 609.352 (2012) (the child-solicitation statute).  To meet an element of each offense, the state was required to prove that Olson reasonably believed that he was soliciting or communicating sexually explicit material to a person "15 years of age or younger."  Olson argues that the district court's finding that he reasonably believed the person was "under the age of sixteen" does not establish proof of this element because the phrase "15 years of age or younger" is ambiguous and could reasonably be interpreted to only mean persons up to and including the day they turn 15.  Because we conclude that the phrase "15 years of age or younger" unambiguously means a person who has not yet attained the age of 16, we affirm in part.  But because one of Olson's convictions was under Minn. Stat. § 609.352, subd. 2a(2), which this court has declared unconstitutional, we reverse in part.

## FACTS

On January 23, 2014, Sergeant Natalie Butenhoff of the Breckenridge Police Department was working as a member of the Internet Crimes Against Children Taskforce.  While investigating possible solicitation of minors, Sergeant Butenhoff discovered a posting on Craigslist with the headline "Daddy? – m4w – 42 (South Fargo)."  Based on her training, Sergeant Butenhoff knows that the term "daddy" is used in Internet ads as a keyword for individuals attempting to solicit minors.

Sergeant Butenhoff responded to the posting via e-mail. She identified herself as "Haley" and stated that she was 14 years old, and would turn 15 in October. She and the poster began communicating through e-mail and text messages. The e-mails and text messages were sexually explicit. Sergeant Butenhoff contacted the West Fargo Police Department, which determined that the poster's phone number belonged to Olson.

Olson and "Haley" agreed to meet at a movie theater in Breckenridge on January 28. At the scheduled meeting time, a vehicle entered the parking lot of the movie theater. Olson was the sole occupant of the vehicle, and law enforcement arrested him. Respondent State of Minnesota charged Olson with violating four provisions of the child-solicitation statute: solicitation of someone reasonably believed to be a child to engage in sexual conduct (Minn. Stat. § 609.352, subd. 2); electronic solicitation of someone reasonably believed to be a child to engage in sexual conduct (Minn. Stat. § 609.352, subd. 2a(1)); communication with someone reasonably believed to be a child describing sexual conduct (Minn. Stat. § 609.352, subd. 2a(2)); and communication of sexually explicit materials to someone reasonably believed to be a child (Minn. Stat. § 609.352, subd. 2a(3)).

Olson waived his right to a jury trial and the district court held a court trial. The district court determined that Olson's testimony that he did not believe "Haley" was actually a 14-year-old girl was not credible and found Olson guilty of all four charges. The district court imposed a stayed prison sentence for the solicitation-of-a-child conviction (Minn. Stat. § 609.352, subd. 2), and placed Olson on probation for three years. Olson appeals.

**ISSUES**

I.      Is the evidence sufficient to support Olson's convictions?

II.     Did Olson receive ineffective assistance of counsel?

III.    Is Olson otherwise entitled to relief?

**ANALYSIS**

**I.      Sufficient evidence supports the convictions.**

When considering a sufficiency-of-the-evidence challenge, we ascertain whether the facts in the record and the legitimate inferences that can be drawn from those facts would permit a fact-finder to reasonably conclude that the defendant was guilty of the charged offense. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn. 1978). We view the evidence in the light most favorable to the verdict and assume that the fact-finder believed the state's witnesses and disbelieved any evidence to the contrary. *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989).

Olson makes two arguments concerning the sufficiency of the evidence. First, he argues that the district court's finding that he reasonably believed he was communicating with a person "under the age of sixteen" does not establish the statutory requirement of reasonable belief that the subject of the communication is a person "15 years of age or younger." We construe this as a challenge to the district court's interpretation of the statutory definition of "child." Second, in a pro se supplemental brief, Olson argues that the district court erred in its credibility determinations. We address each argument in turn.

4

**A.** **For purposes of the child-solicitation statute, a "child" is a person who has not yet attained the age of 16.**

We review a district court's interpretation of a statute de novo. *State v. Peck*, 773 N.W.2d 768, 771-72 (Minn. 2009). Our goal "is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2014). When a statute's meaning is unambiguous, we interpret its terms according to the plain language. *State v. Struzyk*, 869 N.W.2d 280, 284-85 (Minn. 2015). But if a statute is ambiguous, "we may consider the canons of statutory construction to ascertain its meaning." *Id.* at 285; *see also* Minn. Stat. § 645.16 (listing factors to be considered when interpreting an ambiguous statute). "A statute is ambiguous when its language is subject to more than one reasonable interpretation." *State v. Riggs*, 865 N.W.2d 679, 682 (Minn. 2015).

To convict Olson of the four child-solicitation charges, the state was required to prove that he reasonably believed that he was soliciting, or communicating sexually explicit material to, a child. Minn. Stat. § 609.352, subds. 2-2a. The child-solicitation statute defines child as "a person 15 years of age or younger." Minn. Stat. § 609.352, subd. 1(a). Olson argues that this definition is ambiguous because it could be interpreted to mean a person who has not yet reached her sixteenth birthday, or a person "who is younger than or has reached the specified fifteenth birthday date, but has not passed it." Under the latter interpretation, a person would be considered a child up until and on the date of her fifteenth birthday, but would cease to meet the statutory definition of child on the day after her fifteenth birthday. We are not persuaded.

5

First, we are not convinced that the statutory definition is ambiguous. We give statutory words and phrases "their plain and ordinary meaning." *State v. Koenig*, 666 N.W.2d 366, 372 (Minn. 2003); *see also* Minn. Stat. § 645.08(1) (2014) (statutory phrases are construed according to their common and approved usage). People ordinarily express their ages in yearly intervals. *Black's Law Dictionary* defines age as "[a] period of time; esp., a period of individual existence or the duration of a person's life" and notes that "[i]n American usage, age is stated in full years completed (so that someone *15 years of age* might actually be 15 years and several months old)." *Black's Law Dictionary* 70 (10th ed. 2014); *see also The American Heritage Dictionary* 32 (5th ed. 2011) (defining age as the "length of time that a person or thing has existed: *a man 23 years of age*"). Because age is commonly expressed in full years, upon turning 15 a person would continue to express her age as 15 until reaching her sixteenth birthday. Olson's contrary interpretation, under which a person is only "15 years of age" on the day she turns 15, is inconsistent with the common usage of the phrase and therefore unreasonable. The only interpretation of the statutory definition that honors the plain and ordinary meaning of its terms is the former—a "child" is a person who has not yet reached her sixteenth birthday.

Second, even if we were to conclude that the definition is ambiguous, which we do not, the legislative history supports our interpretation. We ascertain the intent of the legislature by considering a variety of factors, including former versions of the law and legislative history. Minn. Stat. § 645.16. The child-solicitation statute initially defined "child" as a person "under the age of 15 years." Minn. Stat. § 609.352, subd. 1(a) (1986). In 2000, the statute was amended to define child as a "person 15 years of age or

6

younger." Minn. Stat. § 609.352, subd. 1(a) (2000). Under Olson's proposed interpretation, the practical effect of the 2000 amendment would be to extend the time period during which a person is considered a "child" by only one day. It is absurd and unreasonable to conclude that the legislature intended such a limited result. Minn. Stat. § 645.17(1) (2014) (providing that courts may presume that "the legislature does not intend a result that is absurd . . . or unreasonable"). Moreover, the legislative history supports a broader construction of the 2000 amendment. The House Research Bill Summary states that the statutory change "[a]mends the definition of 'child' in the solicitation of children to engage in sexual conduct law to include children under the age of 16." Minn. House Research, Bill Summary of House File 2688.

Finally, "[w]e read and construe a statute as a whole and interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Struzyk*, 869 N.W.2d at 287. Various criminal-sexual-conduct statutes prohibit conduct involving persons "less than 16 years of age." Minn. Stat. §§ 609.342, subd. 1(b) (establishing that first-degree criminal sexual conduct occurs when a person engages in sexual penetration with another person who is at least 13 "but less than 16 years of age" and the actor is more than 48 months older and in a position of authority), .344, subd. 1(b) (establishing that third-degree criminal sexual conduct occurs when a person engages in sexual penetration with another person who is at least 13 "but less than 16 years of age and the actor is more than 24 months older than the complainant") (2014). Because the child-solicitation statute prohibits the inchoate crime of soliciting a child to engage in conduct that the criminal-sexual-conduct statutes bar, it is reasonable to interpret the statutes

7

together. Doing so supports our conclusion that the child-solicitation statute prohibits solicitation of a person who is under the age of 16.

We hold that the definition of child in section 609.352, subdivision 1(a), is unambiguous and means a person who has not yet attained the age of 16. Accordingly, the district court's finding that Olson reasonably believed he was soliciting and communicating with a person "under the age of sixteen" establishes this element of the various child-solicitation offenses.

**B.      We will not disturb the district court's credibility findings.**

Olson argues that he did not believe the person he communicated with was actually a child and that the police chief's testimony was not credible. The district court made express credibility determinations, including that Olson's testimony that he did not believe he was communicating with a child was not credible. We generally defer to a district court's credibility determinations. *State v. Dickerson,* 481 N.W.2d 840, 843 (Minn. 1992), *aff'd,* 508 U.S. 366, 113 S. Ct. 2130 (1993). Olson has not persuaded us that we should do otherwise on this record.

**II.     Olson did not receive ineffective assistance of counsel.**

To prevail on a claim of ineffective assistance of counsel, Olson must demonstrate "(1) that his counsel's representation 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)). An attorney provides reasonable

assistance when he exercises the customary skills and diligence that a reasonably competent attorney would exercise under the circumstances. *Dukes v. State*, 621 N.W.2d 246, 252 (Minn. 2001). A trial counsel's performance is presumed to be reasonable. *State v. Vang*, 847 N.W.2d 248, 266 (Minn. 2014).

Olson first argues that his counsel was ineffective because he did not present an entrapment defense and disregarded Olson's suggestions on what evidence to present and what witnesses to call. We are not persuaded. "What evidence to present to the [fact-finder], including which defenses to raise at trial and what witnesses to call, represent an attorney's decision regarding trial tactics which lie within the proper discretion of trial counsel and will not be reviewed later for competence." *State v. Voorhees*, 596 N.W.2d 241, 255 (Minn. 1999). Because we do not review matters of trial strategy, Olson's claims fail to establish that his counsel's performance fell below an objective standard of reasonableness.

Olson next contends that his counsel was ineffective because he did not timely file his speedy-trial demand. This assertion is based on purported conversations between Olson and his attorney that are not part of the record. And Olson fails to explain how, but for the alleged error, the result of the proceeding would have been different. There is nothing in the record that convinces us that an earlier trial would have altered the ultimate outcome. In sum, Olson has not established that he received ineffective assistance of counsel.

**III. Olson's conviction under Minn. Stat. § 609.352, subd. 2a(2), must be reversed.**

While this appeal was pending, this court decided two cases involving constitutional challenges to the child-solicitation statute. In *State v. Muccio*, we held that Minn. Stat. § 609.352, subd. 2a(2), which criminalizes engaging in communication that describes sexual conduct with someone reasonably believed to be a child, is an unconstitutional content-based regulation of speech. *State v. Muccio*, ___ N.W.2d ___, ___, 2016 WL 3376041, at *9 (Minn. App. June 20, 2016), *pet. for review filed* (Minn. July 22, 2016). We concluded that the statute is facially overbroad and that its terms do not allow for a narrower constitutional construction. *Id.* We further determined that the statute is not narrowly tailored to serve the state's compelling interest in protecting children from sexual abuse and exploitation via the Internet. *Id.* Because *Muccio* applies to pending cases, we reverse Olson's conviction under Minn. Stat. § 609.352, subd. 2a(2).

This court considered an as-applied challenge to Minn. Stat. § 609.352, subd. 2 (2014), which prohibits the solicitation of a child or someone reasonably believed to be a child, in *State v. Moser*, ___ N.W.2d ___, ___, No. A15-2017, slip op. at 4 (Minn. App. Aug. 8, 2016). Moser was convicted of soliciting a 14-year-old over the Internet, who claimed that she was 16 years old. *Moser*, slip op. at 2-3. Because the victim was actually a child, the state did not need to prove Moser reasonably believed she was a child. *See* Minn. Stat. § 609.352, subd. 2. Moser argued that by eliminating the mistake-of-age defense and imposing strict liability, the statute violated his due-process rights. *Moser*, slip op. at 5-6. We agreed and reversed his conviction. *Id.* at 25.

This case presents different circumstances. Because Olson solicited an undercover police officer posing as a child, the state was required to prove beyond a reasonable doubt that Olson reasonably believed that he was soliciting a child. Unlike *Moser*, Olson was not subject to strict liability; the due-process concerns implicated in *Moser* are not present here.

## DECISION

The term "child" as defined by Minn. Stat. § 609.352, subd. 1(a), means a person who has not yet attained the age of 16. Because Olson's conviction under Minn. Stat. § 609.352, subd. 2a(2), does not pass constitutional muster, we reverse in part. But because sufficient evidence supports Olson's remaining convictions and Olson did not receive ineffective assistance of counsel, we otherwise affirm.

**Affirmed in part and reversed in part.**

11