REYES, Judge
In this appeal from final judgment of conviction of and sentence for second-degree controlled-substance crime, appellant argues that his conviction must be reversed because the state failed to produce sufficient evidence to prove beyond a reasonable doubt that his possession of methamphetamine was unlawful. We affirm.
FACTS
On April 4, 2016, a Hastings police officer arrested appellant Jeremy Clarin for an offense unrelated to this appeal. Prior to putting appellant in the back seat of his squad car, the officer pat-frisked appellant and thoroughly searched the squad car. The officer then put appellant in the back seat of his squad car and transported him to the Dakota County jail. After the officer removed appellant from his squad car upon arrival, he noticed a small clear plastic bag containing a white powdery substance on the floor of the back seat near *719 where appellant's feet had been. The officer suspected that it was a controlled substance, and field testing confirmed that the substance contained methamphetamine.
On April 6, 2016, respondent State of Minnesota charged appellant with second-degree controlled-substance crime in violation of Minn. Stat. § 152.022, subd. 2(a)(1). During appellant's jury trial, the state presented testimonial evidence from the arresting officer and an employee of the Minnesota Bureau of Criminal Apprehension (BCA) Science Laboratory. The BCA employee testified that the substance contained methamphetamine and weighed 23.084 grams. The state also presented photographs that the arresting officer took of the baggie of methamphetamine on the floor in the back seat of the squad car. The defense did not present any evidence or call any witnesses. The jury found appellant guilty, and the district court sentenced appellant to 98 months in prison. This appeal follows.
ISSUES
I. Must the state prove beyond a reasonable doubt that a defendant unlawfully possessed methamphetamine?
II. Did the state produce sufficient evidence that appellant unlawfully possessed methamphetamine?
ANALYSIS
Appellant argues that the state must prove beyond a reasonable doubt that his possession of methamphetamine was unlawful and, as a result, that we must reverse his conviction of second-degree controlled-substance crime because the state failed to produce sufficient evidence to meet its burden. We address each argument in turn.
I. The state must prove beyond a reasonable doubt that a defendant's possession of methamphetamine was unlawful.
Appellant first argues that the state is required to prove beyond a reasonable doubt that appellant's possession of methamphetamine was unlawful. The state contends that, as a matter of law, possession of methamphetamine is always unlawful and is implicit in the crime itself. We agree with appellant's assessment.
When a sufficiency-of-the-evidence claim involves the question of whether the defendant's conduct meets the statutory definition of an offense, we are presented with a question of statutory interpretation that we review de novo. State v. Hayes , 826 N.W.2d 799, 803 (Minn. 2013).
A person is guilty of second-degree controlled-substance crime if he or she "unlawfully possesses one or more mixtures of a total weight of six grams or more containing ... methamphetamine." Minn. Stat. § 152.022, subd. 2(a)(1) (emphasis added). In chapter 152, the word "unlawfully" means "selling or possessing a controlled substance in a manner not authorized by law." Minn. Stat. § 152.01, subd. 20 (2014).
The state argues that it is always illegal to possess methamphetamine. Methamphetamine is a Schedule II controlled substance. Minn. Stat. § 152.02, subd. 3(d) (2014) (classifying "methamphetamine, its salts, isomers, and salts of its isomers" as Schedule II drugs). A "currently accepted medical use" is a criterion for classification as a Schedule II controlled substance. Minn. Stat. § 152.02, subd. 7(2) (2014) ; see Dornbusch v. Comm'r of Pub. Safety , 860 N.W.2d 381, 384 (2015) ("Schedule II controlled substances have accepted medical uses."). Included within "methamphetamine, its salts, isomers, and salts of its isomers" are a number of prescription *720 medications: Desoxyn, Methedrine, Drinalfa, Desoxyephedrine hydrochloride, Syndrox, Efroxine, Norodin, Obedrin, and Ambar. Minn. R. 6800.4220.D(2); see also Dornbusch , 860 N.W.2d at 384 ("Schedule II includes the stimulant ... methamphetamine (Desoxyn)."); Drug Enf't. Agency, U.S. Dep't of Justice, Lists of Scheduling Actions, Controlled Substances, Regulated Chemicals (2018), https://www.deadiversion.usdoj.gov/schedules/orangebook/orangebook.pdf (identifying commercial names of controlled substances). Therefore, possession of physician-prescribed methamphetamine is lawful. See Dornbusch , 860 N.W.2d at 383.
We hold that the state must prove beyond a reasonable doubt that appellant unlawfully possessed methamphetamine because unlawfulness is an element of second-degree controlled-substance crime. See State v. Struzyk , 869 N.W.2d 280, 289 (Minn. 2015) (state bears the burden of proving all elements of crime beyond a reasonable doubt).
II. The state produced sufficient evidence that appellant unlawfully possessed methamphetamine.
Appellant next argues that the state failed to provide sufficient evidence for the jury to determine beyond a reasonable doubt that his possession of methamphetamine was unlawful. We disagree.
When considering a sufficiency-of-the-evidence claim, we conduct "a painstaking review of the record to determine whether the evidence and reasonable inferences drawn therefrom, viewed in a light most favorable to the verdict, were sufficient to allow the jury to reach its verdict." Loving v. State , 891 N.W.2d 638, 643 (Minn. 2017) (quotation omitted). "Direct evidence is [e]vidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption." Bernhardt v. State , 684 N.W.2d 465, 477 n.11 (Minn. 2004) (quotation omitted). In contrast, circumstantial evidence is "evidence from which the factfinder can infer whether the facts in dispute existed or did not exist." State v. Harris , 895 N.W.2d 592, 599 (Minn. 2017) (quotation omitted). "Circumstantial evidence always requires an inferential step to prove a fact that is not required with direct evidence." Id.
Appellant correctly contends that the state did not present any direct evidence to the jury as to whether appellant's possession of methamphetamine was lawful. Because the evidence presented requires an inferential step to determine the legality of appellant's possession, we evaluate the sufficiency of the state's circumstantial evidence using a two-step analysis. State v. Fox , 868 N.W.2d 206, 223 (Minn. 2015).
First, "we identify the circumstances proved...." Id. In doing so, we construe conflicting evidence in the light most favorable to the verdict and assume that the jury believed the state's witnesses and disbelieved the defense's witnesses. State v. Silvernail , 831 N.W.2d 594, 599 (Minn. 2013). Second, we examine independently the reasonable inferences drawn from the circumstances proved. Fox , 868 N.W.2d at 223. "To sustain a conviction based on circumstantial evidence, the reasonable inferences that can be drawn from the circumstances proved as a whole must be consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis except that of guilt." Id.
Here, the state presented several pieces of circumstantial evidence relevant to the inquiry. First, the arresting officer thoroughly searched his squad car prior to placing appellant in the back seat. Second, *721 upon arrival at the jail, the officer opened the back seat door of his squad car and observed a clear plastic baggie of a white powdery substance near appellant's feet, which had not previously been there. Third, the state corroborated the officer's testimony with a photograph of the drugs on the floor of the squad car's back seat that the officer took upon discovering the drugs. And fourth, the arresting officer pat-frisked appellant prior to putting him in the back of the squad car. And during the search, he did not feel the baggie of methamphetamine on appellant's person. These circumstances support the jury's finding of guilt because it is a rational inference that appellant hid the methamphetamine on his person in a secure location to avoid detection during the pat-search and then attempted to ditch the methamphetamine in the back of the squad car.
Although possession of methamphetamine is legal with a valid prescription, Minn. Stat. § 152.11, subd. 1(e) (2014), requires pharmacists to "distinctly label the container in which [the] controlled substance is dispensed with the directions contained in the prescription for the use of that controlled substance." A jury could rationally conclude that appellant's possession was unlawful based on the inference that, had the methamphetamine been lawfully prescribed, it would have been in a labeled container with appellant's name on it, and in capsule or tablet form, rather than a white powder in an unlabeled clear plastic baggie.
Appellant does not offer any alternative inferences for this court to analyze. Therefore, that ends our analysis.
Given that we "defer to the fact-finder's rejection of evidence in the record that conflicts with the evidence proved by the state[,]" Fox , 868 N.W.2d at 223, and construe any conflicting evidence in the light most favorable to the verdict, Silvernail , 831 N.W.2d at 599, the state presented sufficient evidence to support appellant's conviction. Based on the evidence presented and the reasonable inferences drawn from that evidence, taken as a whole, there is substantial evidence here to prove beyond a reasonable doubt that appellant did not lawfully possess the methamphetamine.
DECISION
Minn. Stat. § 152.022, requires that the state produce sufficient evidence to prove beyond a reasonable doubt that a defendant unlawfully possessed methamphetamine. In this case, the state produced ample circumstantial evidence for the jury to conclude that appellant's possession of methamphetamine was unlawful.
Affirmed.