*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1726**

State of Minnesota,
Respondent,

vs.

Latisha Marie Townley,
Appellant.

**Filed August 26, 2024
Affirmed
Reyes, Judge**

Isanti County District Court
File No. 30-CR-23-222

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Jeffrey R. Edblad, Isanti County Attorney, Nicholas J. Colombo, Assistant County Attorney, Cambridge, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Max B. Kittel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Slieter, Judge; and Halbrooks, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**REYES**, Judge

In this direct appeal from her conviction of fifth-degree drug possession, appellant challenges the constitutional validity of her guilty plea, arguing that it was inaccurate because the factual basis did not establish that her possession of methamphetamine was unlawful and because the district court erroneously relied on the allegations in the complaint. We affirm.

## FACTS

In March 2023, respondent State of Minnesota charged appellant Latisha Marie Townley with felony fifth-degree possession of a controlled substance under Minn. Stat. § 152.025, subd. 2(1) (2022). The charge arose after law enforcement found methamphetamine residue on a hypodermic needle and two pipes located near where appellant was sitting in a stopped vehicle.

In August 2023, appellant pleaded guilty to an amended, reduced count of gross-misdemeanor fifth-degree possession. The district court accepted appellant's plea and sentenced her to 364 days in jail, stayed for two years, with two years of supervised probation.

This appeal follows.

## DECISION

Appellant seeks to withdraw her guilty plea and argues that she entered an inaccurate plea because she never admitted to unlawfully possessing methamphetamine,

an essential element of the crime, and there were no facts elicited at the plea hearing to support that finding.[1] We disagree.

A criminal defendant may challenge the validity of a guilty plea on direct appeal even though the defendant did not first move the district court to withdraw the plea. *Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989). Although a "defendant has no absolute right to withdraw a guilty plea," *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010), a "court must allow a defendant to [do so] upon" satisfactory proof that "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A "manifest injustice" exists when a plea is invalid. *Raleigh*, 778 N.W.2d at 94. To be constitutionally valid, a guilty plea "must be accurate, voluntary, and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). The burden is on the defendant to show that their plea was invalid. *Raleigh*, 778 N.W.2d at 94. Appellate courts review de novo whether a plea is valid. *Id.*

The accurate-plea requirement "protects a defendant from pleading guilty to a more serious offense than that for which [s]he could be convicted if [s]he insisted on h[er] right to trial." *Id.* To be accurate, a plea must include a proper factual basis. *Ecker*, 524 N.W.2d at 716. It is the district court's responsibility to "ensure that an adequate factual basis has been established in the record." *Id.* Although district courts generally elicit a factual basis by asking the defendant to explain what happened, "a defendant may not withdraw [their]

---

[1] Appellant also relies on *Rosendahl v. State*, 955 N.W.2d 294 (Minn. App. 2021), to argue that the district court erred by relying on the complaint when accepting the factual basis because appellant never admitted that the complaint's allegations were truthful or accurate. Because we conclude that appellant's plea, even without the complaint's allegations, established a sufficient factual basis for the district court to infer that appellant unlawfully possessed the methamphetamine, we need not address this argument.

plea simply because the [district] court failed to elicit proper responses if the record contains sufficient evidence to support the conviction." *Raleigh*, 778 N.W.2d at 94. "Even if an element to an offense is not verbalized by the defendant, a district court may nevertheless draw inferences from the facts admitted to by the defendant." *Rosendahl*, 955 N.W.2d at 299 (emphasis omitted).

The elements of fifth-degree possession of a controlled substance under Minn. Stat. § 152.025, subd. 2(1), are that the defendant (1) possessed one or more controlled substances; (2) knowing or believing that the substance was a controlled substance; (3) without lawful authority; (4) on the applicable date and within the applicable county. 10A *Minnesota Practice*, CRIMJIG 23.22 (7th ed. 2023). Methamphetamine is a Schedule II controlled substance. Minn. Stat. § 152.02, subd. 3(d)(2) (2022). The offense is a felony if the person has a prior conviction for a violation of Minnesota Statutes chapter 152 or a similar offense in another jurisdiction. Minn. Stat. § 152.025, subd. 4(a) (2022).

During the plea hearing, appellant affirmed that she "had enough time to talk with [her] attorney," and was "satisfied that [she had] been given all the facts of [her] case necessary to go forward." Appellant agreed that she was waiving her probable-cause challenges by moving forward with the plea. Prior to establishing a factual basis, defense counsel reviewed the plea petition with appellant on the record. As part of that review, defense counsel asked:

> [Defense:] And this document contains the contents of the agreement which is you're going to enter a plea of guilty to count one which is possession of fifth-degree controlled substance crime in violation of Minnesota Statute 152.025 subdivision 2(1), possession of methamphetamine on March

30th. You understand that? And that the agreement calls for you [to] plead[] guilty, and you'll be sentenced – it will be a gross misdemeanor. In other words that you possessed methamphetamine on the date in less than 0.25 grams. You understand that that is the agreement, and you would have satisfaction for time served with 364 days stayed for up to two years.

[Appellant:]         Yes.

The factual basis portion of the plea colloquy followed:

[Court:]        And so, to the charge then of possession of controlled substance in the fifth-degree, Minnesota Statute 152.025 subdivision 2(1), a gross misdemeanor with the maximum possible penalty of 364 days in jail a $3,000 fine or both occurring in Isanti county on March 30, 2023, how did you wish to plead today: guilty or not guilty?

[Appellant:]        Guilty.

[Court:]        And, [appellant], what did you do that makes you guilty of that offense?

[Appellant:]        I possessed methamphetamine.

[Court:]        And did you know it was meth[amphetamine]?

[Appellant:]        Yes.

[Court:]        And where were you in Isanti County when you did that?

[Appellant:]        In a vehicle with a friend.

[Court:]        Okay. Do you remember where in the county it was?

[Appellant:]        Cambridge.

[Court:]        All right. And the Court will incorporate the information contained in the complaint. Any other questions about the facts [prosecutor]?

[Prosecutor:]        [Appellant], just to the best of your knowledge was that back on March 30th of 2023?

[Appellant:]        I – I'm sure –

[Defense:]        To the best of your knowledge.

[Appellant:]        Yes. Yes.

[Court:]        Okay.

[Prosecutor:]        And then, Your Honor, I don't know if it – we're agreeing to a gross misdemeanor though it was charged as a felony. Just for the record it's based on prior fifth degree drug convictions. So –

5

| | |
|---|---|
| [Court:] | All right. |
| [Prosecutor:] | -- I don't know if we need to establish that given the resolution. |
| [Court:] | Not necessary for the gross misdemeanor, but as background I'm incorporating it in the facts that are in the complaint as part of the factual basis. And so those facts are enough to support your plea of guilty. The meth[amphetamine] that you had, did you – where did you have it? Was it in the c- it was in the car in the city of Cambridge? |
| [Appellant:] | Yes. |
| [Court:] | Okay. All right. Those are facts enough to support that plea, and I do find observing [appellant] today that you've knowingly and intelligently and voluntarily given up your trial rights and I intend to accept this agreement. |

To argue that the plea colloquy failed to establish that she possessed methamphetamine "without lawful authority," appellant attempts to distinguish her case from *State v. Clarin*, 913 N.W.2d 717 (Minn. App. 2018), *rev. denied* (Minn. Aug. 7, 2018).[2] In *Clarin*, this court concluded that circumstantial evidence supported that appellant unlawfully possessed methamphetamine. 913 N.W.2d at 721. This court relied on the fact that the methamphetamine was "a white powder in an unlabeled clear plastic

---

[2] Appellant also relies upon two nonprecedential cases, *State v. Schirmer*, No. A16-2050, 2017 WL 4766994 (Minn. App. Oct. 23, 2017) and *State v. Garbow*, No. A23-0541, 2024 WL 543191 (Minn. App. Feb. 12, 2024). In *Schirmer*, this court concluded that, although appellant did not explicitly concede the unlawful-possession element, his guilty plea established that element because the complaint provided that the methamphetamine found on his person was "in crystal form instead of pills and . . . was found in an unmarked bag instead of a prescription bottle." 2017 WL 4766994 at *2. In *Garbow*, this court concluded that, even though the appellant had not admitted to possessing methamphetamine unlawfully, the circumstances of the case and plea supported the inference that he unlawfully possessed it, including that an officer found the methamphetamine in a syringe mixed with alcohol, that he admitted to possessing it, and that he was pleading guilty to the controlled-substance offense. 2024 WL 543191 at *3. These opinions do not impact our analysis.

baggie," as opposed to being "in capsule or tablet form" within "a labeled container with appellant's name on it." *Id.*

Here, the facts appellant admitted at the plea hearing support an inference that she unlawfully possessed the methamphetamine. *Rosendahl*, 955 N.W.2d at 299. The district court explicitly asked appellant an open-ended question of "what did you do that *makes you guilty* of [fifth-degree possession of a controlled substance]?" and appellant responded that she had "possessed methamphetamine." Appellant (1) admitted to possessing methamphetamine "[i]n a vehicle with a friend" while pleading guilty to the controlled-substance offense; (2) filed a plea petition; (3) did not claim that she had lawfully possessed the methamphetamine; and (4) had prior fifth-degree drug convictions, which supports that she understood the implications of the charge. Based on its observation of appellant during the plea colloquy, the district court found that she had "knowingly and intelligently and voluntarily" waived her trial rights. Relying on the reasonable inferences a district court may draw from the facts admitted by appellant, her plea established a sufficient factual basis for the district court to infer that her possession of methamphetamine was unlawful. *Id.* Further, because appellant pleaded guilty to a gross misdemeanor that had been reduced down from a felony charge, there is no risk that she pleaded guilty to "a more serious offense" than that which she could have been convicted of had she proceeded to trial. *Raleigh*, 778 N.W.2d at 94. We therefore conclude that appellant entered an accurate guilty plea and that she therefore is not entitled to withdrawal.

**Affirmed.**